IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MONISHA WOLF,                                )
                                             )
    Plaintiff,                             )
                                             )
v.                                           )    CASE NO. 2:19-cv-41-GMB
                                             )    [wo]
ALUTIIQ EDUCATION AND                        )
TRAINING, LLC,                               )
                                             )
    Defendant.                             )

## MEMORANDUM OPINION AND ORDER

Pending before the court is a Motion to Dismiss filed by Defendant Altuiiq Education & Training, LLC ("AET"). Doc. 5. Plaintiff Monisha Wolf filed this lawsuit on January 11, 2019, and amended her complaint on February 6, 2019. She brings claims against AET denominated as race discrimination, gender discrimination, and mental suffering and emotional distress. Doc. 4. Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have consented to the jurisdiction of the undersigned United States Magistrate Judge. Docs. 13 & 14.

After careful consideration of the parties' submissions and the applicable law, for reasons to be discussed below, the Motion to Dismiss (Doc. 5) is due to be GRANTED, but Wolf will be allowed to re-plead the claims over which this court has subject-matter jurisdiction.

## I. JURISDICTION AND VENUE

The court's subject-matter jurisdiction over some of the claims in this action is

questioned in the Motion to Dismiss. The parties do not contest personal jurisdiction or venue, and the court finds adequate allegations to support both.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Wolf is a black woman who began her employment with AET's predecessor, Career Education Services. AET took over the contract and asked Wolf to reapply for her position. AET did not retain Wolf, and she alleges that Adam Bennett, a white man, was retained over her.

AET has provided corporate disclosures to establish that it is a wholly-owned subsidiary of Alutiiq, which is a wholly-owned direct subsidiary of Afognak Native Corporation, which was formed in 1977 under the Alaska Native Claims Settlement Act, 43 U.S.C. § 1601.

## III. STANDARDS OF REVIEW

### A.    Rule 12(b)(1)

A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and takes one of two forms: a facial attack or a factual attack. A facial attack on the complaint requires the court to assess whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction, while a factual attack challenges the existence of subject matter jurisdiction based on matters outside the pleadings. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). The burden of proof on a Rule 12(b)(1) motion is on the party asserting jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942).

### B.    Rule 12(b)(6)

In considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules

of Civil Procedure, the court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is "plausible on its face" if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations need not be detailed, but "must be enough to raise a right to relief above the speculative level," *id.*, and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 678.

## IV. DISCUSSION

AET argues that Counts I and II must be dismissed for lack of subject-matter jurisdiction because these claims are asserted pursuant to Title VII, which does not apply to AET, an Alaskan Native Corporation.

The Supreme Court has held that "an Indian Tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity." *Kiowa Tribe of Okla. v. Mfg. Techs., Inc.,* 523 U.S. 751, 754 (1998). Pursuant to 43 U.S.C. § 1626(g),

> [f]or the purposes of implementation of the Civil Rights Act of 1964 [42 U.S.C. § 2000a, *et seq.*], a Native Corporation and corporations, partnerships, joint ventures, trusts, or affiliates in which the Native Corporation owns not less than 25 per centum of the equity shall be within the class of entities excluded from the definition of "employer" by section 701(b)(1) of Public

Law 88-352 (78 Stat. 253), as amended [42 U.S.C. § 2000e(b)(1)], or successor statutes.

43 U.S.C. § 1626(g). If Title VII does not apply, the district court lacks subject-matter jurisdiction over those claims. *See Mastro v. Seminole Tribe of Fla.*, 578 F. App'x 801, 802 (11th Cir. 2014).

Wolf apparently does not dispute AET's submissions establishing that it is an Alaskan Native Corporation. Doc. 11 at 6. As such a corporation, AET is not subject to suit under Title VII, and this court lacks subject-matter jurisdiction over Wolf's gender and race claims asserted pursuant to Title VII in Counts I and II. *See Jones v. Chugach Educ. Servs., Inc.*, 2012 WL 472722, at *1 (M.D. Fla. Jan. 10, 2012), *adopted*, 2012 WL 473503 (M.D. Fla. Feb. 2, 2012). The Title VII claims in Count I and II are due to be dismissed for lack of subject-matter jurisdiction.

Wolf has argued that she can proceed on race discrimination claims pursuant to 42 U.S.C. § 1981. AET does not dispute that this court has subject-matter jurisdiction over § 1981 race claims. Doc. 12 at 3; *see also Jones*, 2012 WL 472722, at *1 ( "Defendant was exempt from employer liability under Title VII, as Defendant is an Alaskan Native Corporation . . . however . . . several cases have held that ANCs may be sued for retaliation under 42 U.S.C. § 1981."). AET argues, however, that the § 1981 claim is due to be dismissed because Wolf has not sufficiently alleged a § 1981 race claim in Count I. AET correctly points out that Count I expressly invokes the Civil Rights Act of 1964 and not 42 U.S.C. § 1981. Doc. 4 at 5.

Because the Amended Complaint expressly refers to Title VII within the paragraphs of Count I but not to § 1981, the court concludes that the claim in Count I is due to be dismissed, but the court will allow Wolf an additional opportunity to plead her race discrimination claim pursuant to § 1981.

With regard to Count III, AET argues that Wolf has not stated a claim because the count is a reference to mental suffering and emotional distress damages allegedly due as a result of discrimination, not an independent claim. Wolf responds that this is a state-law tort claim.

Upon review of the Amended Complaint, it appears that Wolf has expressly cited to federal cases allowing for certain types of damages, but has not pleaded the elements of a state-law tort claim. Doc. 4 at 6. Wolf also has incorporated by reference all of the preceding paragraphs and counts in violation of the Federal Rules of Civil Procedure. *See McCall v. Bank of Am., N.A.*, 2016 WL 5402748, at *1 (M.D. Ala. Sept. 26, 2016) (identifying as a shotgun pleading a complaint that contains multiple counts where each count adopts the allegations of all preceding counts). Therefore, the court will grant the Motion to Dismiss for failure to state a claim as to Count III, but Wolf will be given an additional opportunity to re-plead her purported state-law tort claim.

## V. CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

1.      The Motion to Dismiss (Doc. 5) is GRANTED as to the Title VII claims in Counts I and II of the Amended Complaint, and those claims are DISMISSED for lack of subject-matter jurisdiction.

2.     The Motion to Dismiss (Doc. 5) is GRANTED for failure to state a claim as to Wolf's 42 U.S.C. § 1981 race claim in Count I and as to the state-law claim in Count III,  and those claims are DISMISSED without prejudice to being re-pleaded.

3.     No later than **May 16, 2019,** Wolf shall file an amended complaint which is complete unto itself and which more specifically pleads her 42 U.S.C. § 1981 race claim and her state-law claim in two separate counts in compliance with the Federal Rules of Civil Procedure and this Order.  The court cautions Wolf that her failure to re-plead her claims appropriately and in compliance with this Order may result in the dismissal with prejudice of all claims in this lawsuit.

DONE this 2nd day of May, 2019.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE