IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MONISHA WOLF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:19-cv-41-WC |
| | ) | |
| ALUTIIQ EDUCATION & | ) | |
| TRAINING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

## I.      BACKGROUND

Pending before the Court is Alutiiq Education & Training, LLC's ("Alutiiq" or "Defendant") Partial Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 19). On January 11, 2019, Plaintiff Monisha Wolf ("Wolf" or "Plaintiff") filed her original complaint alleging race and sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*, and "Mental Suffering and Emotional Distress." *See* Doc. 1.  On February 6, 2019, Plaintiff amended her complaint pursuant to Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure. Doc. 4.  Defendant moved to dismiss the amended complaint. Doc. 5.  On May 2, 2019, the Honorable United States Magistrate Judge Gray M. Borden issued a Memorandum Opinion and Order (Doc. 17) granting Defendant's motion to dismiss, but also allowing Plaintiff to re-plead her claims. Specifically related to the mental suffering and emotional distress count, the court found that "[u]pon review of the Amended Complaint, it appears that Wolf has expressly cited to

federal cases allowing for certain types of damages, but has not pleaded the elements of a state-law tort claim." Doc. 17 at 5.

On May 16, 2019, Plaintiff filed her Second Amended Complaint alleging race discrimination pursuant to 42 U.S.C. § 1981 and mental suffering and emotional distress. Doc. 18.  Defendant filed the instant motion to dismiss Count Two of the second amended complaint. Doc. 19.  Plaintiff filed a response in opposition (Doc. 21) to which Defendant replied (Doc. 22).  Upon consideration of the pleadings and the parties' briefs, the court finds that Defendant's motion to dismiss Plaintiff's mental suffering and emotional distress claim is due to be GRANTED.

## II.     STANDARD OF REVIEW

Defendants move to dismiss the Amended Complaint for failure to state a claim upon which relief could be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  "In deciding a Rule 12(b)(6) motion to dismiss, the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, but [l]egal conclusions without adequate factual support are entitled to no assumption of truth." *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016) (quotations and citations omitted).  To state a claim upon which relief could be granted, a complaint must satisfy the pleading standard of Rule 8 of the Federal Rules of Civil Procedure.

Rule 8 requires that a plaintiff submit a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In application, the Rule requires that a plaintiff plead "enough facts to state a claim to relief that is plausible

on its face," in that the well-pleaded factual matter in the complaint "nudge[s] [the plaintiff's] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Accordingly, the court may "insist upon some specificity in [the] pleading before allowing" the complaint to survive a motion to dismiss. *Twombly*, 550 U.S. at 558.

To adequately state a claim under Rule 8(a) and survive a motion to dismiss pursuant to Rule 12(b)(6), the complaint must plead sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (citations omitted). Thus, a pleading is insufficient if it offers only mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (a complaint does not suffice under Rule 8(a) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"). In other words, to survive a motion pursuant to Rule 12(b)(6), "a plaintiff [must] include factual allegations for each essential element of his or her claim." *GeorgiaCarry.Org., Inc. v. Georgia*, 687 F.3d 1244, 1254 (11th Cir. 2012).

In assessing the sufficiency of the complaint, a reviewing court is to look at the complaint as a whole, considering whether all of the facts alleged raise a claim that is plausible on its face. *See Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control and Prevention*, 623 F.3d 1371, 1382 (11th Cir. 2010).  Thus, the court reads the complaint "holistically," taking into account all relevant context. *El-Saba v. Univ. of S. Ala.*, Civ. No. 15-87-KD-N, 2015 WL 5849747, at *15 (S.D. Ala. Sept. 22, 2015) (citing *Garayalde-Rios v. Municipality of Carolina*, 747 F.3d 15, 25 (1st Cir. 2014)).  As such, "[d]etermining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## III.    DISCUSSION

Defendants move to dismiss Plaintiff's mental suffering and emotional distress claim, arguing that Plaintiff has failed to state any claim upon which relief could be granted. Doc. 19 at 1.  Defendant argues that "Count Two of the Second Amended Complaint is titled only Mental Suffering and Emotional Distress.  However, just as with the First Amended Complaint, this claim is merely a recitation of damages allegedly suffered by the plaintiff, not a recitation of a separate state law tort claim." Doc. 19 at 2–3.  Plaintiff asserts that Defendant failed to cite "legal authority prohibiting an independent cause of action for Mental Suffering and Emotional Distress."[1] Doc. 21 at 4.  Plaintiff further asserts that the

---

[1] Plaintiff incorrectly asserts that Defendant moved to dismiss the entire Second Amended Complaint.  Defendant's motion is entitled "Partial Motion to Dismiss" and only presents argument to dismiss Count Two. Doc. 19.  In its reply, Defendant confirms it has only moved to dismiss Count Two. Doc. 22.  Thus, the Court will not address Plaintiff's argument related to Count One.

Alabama Supreme Court "recognizes an independent cause of action for Infliction of Emotional Distress as ruled in *American Road Service v. Imon, 394 So. 2d 361 (Ala. 1980)*." Doc. 21 at 4.

In Plaintiff's Second Amended Complaint, she re-alleges an identical set of facts to support her claim for mental suffering and emotional distress as she did in her First Amended Complaint. Doc. 18 at 6–7. The Court already cautioned Plaintiff that "[u]pon review of the Amended Complaint, it appears that Wolf has expressly cited to federal cases allowing for certain types of damages, but has not pleaded the elements of a state-law tort claim." Doc. 17 at 5. The only portion of Count Two that differs from its predecessor is the string cite to case law, in which Plaintiff now cites to Alabama case law rather than federal case law as directed. *See* Doc. 18 at 7. However, Plaintiff has still failed to remedy the primary issue previously addressed by the Court — the failure to plead the elements of a state-law tort claim.

The Court has reviewed the six Supreme Court of Alabama cases cited in Plaintiff's Second Amended Complaint. *See Orkin Exterminating Co. v. Jeter*, 832 So. 2d 25 (Ala. 2001); *Oliver v. Towns*, 770 So. 2d 1059 (Ala. 2000); *Delchamps v. Bryant*, 738 So. 2d 824 (Ala. 1999); *Sperau v. Ford Motor Co.*, 674 So. 2d 24 (Ala. 1995), *vacated on other grounds*, 517 U.S. 1217 (1996), *on remand*, 708 So. 2d 111 (Ala. 1997); *Crown Life Ins. Co. v. Smith*, 657 So. 2d 821 (Ala. 1994); and *Sears, Roebuck Co. v. Harris*, 630 So. 2d 1018 (Ala. 1993). As Defendant correctly asserts, the cases cited by Plaintiff all discuss mental suffering and emotional distress in relation to damage awards, not as an independent

cause of action.  Plaintiff has failed to cite a single case, nor can the Court find one, that supports her position that Alabama recognizes mental suffering and emotional distress as a cognizable state law tort claim.  However, it should be noted that the Plaintiff has properly pled emotional distress and mental anguish as damages within her prayer for relief. Doc. 18 at 7.

In Plaintiff's response, for the first time, she asserts that "Alabama Supreme Court[] recognizes an independent cause of action for Infliction of Emotional Distress" and that her Second Amended Complaint "clearly falls in line with this independent state cause of action." Doc. 21 at 4–5.  While Plaintiff is correct, Alabama does recognize the state law tort claim of Intentional Infliction of Emotional Distress, also known as Outrage, Plaintiff failed to plead this claim in her Second Amended Complaint.

"In ruling on a motion to dismiss, the Court must limit 'review to the four corners of the complaint.'" *Clark v. Ocwen Loan Servicing, LLC*, No. 117CV03027TCBAJB, 2018 WL 1804349, at *3 (N.D. Ga. Jan. 18, 2018), *report and recommendation adopted*, No. 1:17-CV-03027, 2018 WL 4471936 (N.D. Ga. Aug. 15, 2018) (quoting *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010)); *see also Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (stating "[a] court's review on a motion to dismiss is 'limited to the four corners of the complaint.'") (quoting *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)).  "A party cannot amend a complaint by attaching documents to a response to a motion to dismiss, or by asserting new facts or theories in the response." *Id.; see also Huls v. Llabona*, 437 F. App'x 830, 832 (11th Cir. 2011) ("Because

6

[the plaintiff] raised this argument for the first time in his response to [the defendant's] motion to dismiss, instead of seeking leave to file an amended complaint, pursuant to Fed.R.Civ.P. 15(a), it was not properly raised below"); *Brown v. J.P. Turner & Co.*, No. 1:09-cv-2649-JEC, 2011 WL 1882522, at *5 (N.D. Ga. May 17, 2011) (attempting to bolster a claim with new argument "made for first the time in response to a motion to dismiss, is plainly inappropriate.") (citations omitted); *accord Walker v. City of Orlando*, No. 07-651, 2007 WL 1839431, at *5 (M.D. Fla. June 26, 2007) (limiting "its consideration to the allegations contained in the complaint," where the response "attempt[ed] to introduce new allegations not contained in the Complaint."). Plaintiff's response brief is not the proper avenue to attempt to assert a new claim.

For the foregoing reasons, the court concludes that Plaintiff has failed to state a plausible claim for mental suffering and emotional distress. The court notes that Plaintiff, who is represented by counsel, has amended her complaint twice already; once as a matter of course and the other in response to this Court's ruling on a Rule 12(b)(6) motion to dismiss filed by Defendant. Docs. 4, 17, 18. Plaintiff failed to allege a claim for Intentional Infliction of Emotional Distress in any of her three complaints. Additionally, Plaintiff has not filed a motion to amend. "The Eleventh Circuit has 'never required district courts to grant counseled plaintiffs more than one opportunity to amend a deficient complaint, nor [has the Eleventh Circuit] concluded that dismissal with prejudice is inappropriate where a counseled plaintiff has failed to cure a deficient pleading after having been offered ample opportunity to do so.'" *Blackburn v. Shire US, Inc.*, No. 2:16-cv-963-RDP, 2017 WL

5013578, at *1 (N.D. Ala. Nov. 2, 2017) (quoting *Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.*, 673 F. App'x 925, 929 (11th Cir. 2016)).  Accordingly, the court concludes that it is now appropriate to dismiss the deficiently pled claim and not to provide Plaintiff with further leave to amend her complaint.

## IV.   CONCLUSION

The undersigned concludes that Plaintiff has failed to state a plausible claim of mental suffering and emotional distress.  Accordingly, it is ORDERED that Defendant's Partial Motion to Dismiss (Doc. 19) is GRANTED.  It is further ORDERED that Plaintiff's claim for "Mental Suffering and Emotional Distress" set forth in Count Two of her Second Amended Complaint (Doc. 18) is DISMISSED with prejudice.

DONE this the 14th day of January, 2020.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE